UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Dontee L. Brown

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Sherriff Kelly C. Wilhelmi,
LT. Tim Erickson, Nurse Julie
Warking, Deputy Brandon Bush
Deputy Brennan Coward

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

16cv50337
Judge Philip G. Reinhard
Magistrate Judge Iain D. Johnston

RECEIVED
NOV 14 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**CHECK ONE ONLY:**

✓     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: Dontee L. Brown

B. List all aliases: _____

C. Prisoner identification number: #K-74743 #26866

D. Place of present confinement: Whiteside County Jail

E. Address: 400 N. Cherry St. Morrison IL. 61270

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: Sherriff Kelly G. Wilhelmi

Title: Sheriff of Whiteside County Jail

Place of Employment: Whiteside County Jail 400 N. Cherry St, Morrison IL. 61270

B. Defendant: LT. Tim Erickson

Title: Deputy Rank of LT.

Place of Employment: Whiteside County Jail, 400 N. Cherry ST, Morrison IL. 61270

C. Defendant: Julie Warkins (Nurse)

Title: Head Nurse at Whiteside County Jail

Place of Employment: Whiteside County Jail, 400 N. Cherry St. Morrison IL. 61270

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: Brandon Bush

Title: Deputy at Whiteside County Jail

Place of Employment: Whiteside County Jail, 400 N. Cherry St. Morrison IL. 61270

E. Defendant: Brennan Coward

Title: Deputy at Whiteside Count Jail

Place Of Employment: Whiteside County Jail, 400 N. Cherry St. Morrison IL. 61270

The Sherriff and his LT's are ultimately responsible for all policy, practices, and procedures and the usage of them by the officers, deputies & corporals of whiteside county jail that apply to the detainees, including medical treatment.

All of the defendants owed plaintiff a duty not to violate his 8th & 14th amendment Rights by allowing him to be subjected or subjecting him to medical malfeasance that continues to be done as of the filing of this complaint. An Defendant Warkins was complacent in as a medical professional she took no steps to discontinue unlicensed professionals from handling narcotic medication in whiteside county jail even after the reports of wrong meds being given to not only the plaintiff but also other detainees.

3

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: 1983 Civil Suit Docket #13C50280

B. Approximate date of filing lawsuit: August 15th 2013

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Dontee L. Brown

D. List all defendants: Det. Michael R. Henry, Det. Sgt. Jay Koett, Det. Veronica Jaramillo, officer Doug Wolber and Robert Luyando

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois

F. Name of judge to whom case was assigned: Frederick J. Kapala and Magistrate Judge Iain D. Johnston

G. Basic claim made: Violations of rights under the 4th amendment for the use of excessive force during a strip search.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settled out of court

I. Approximate date of disposition: 12-04-14

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.     **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

JURISDICTION

1) The court has Jurisdiction over Plaintiffs claims of violations of his Constitional Rights under 28 U.S.C. §1331(a) 1343.

2) The Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 §2202

PLAINTIFF

3) At all times relevant to this case Plaintiff is currently being held in Whiteside County Jail on criminal charges unrelated to this claim.

CAPACITIES

4) All defendants named in this action are being sued in both their individual and their offical capacities.

COLOR OF STATE LAW

5) All defendants named in this action acted under Color of state Law at all relevant times.

NATURE OF CASE

6) The defendants were negligent in allowing unlicensed & untrained Deputies and Corporals to pass out narcotic & prescription medication which is a clear and direct violation of the H.I.P.A.A. guidelines. Being that Plaintiff was given the medication of another detainee by defendant 'Bush' an after making him aware of his error was then given his proper medication by defendant 'Coward' an made to take it in front of him. An when Plaintiff made Complaints about chest & abdominal pain there after, was disregarded by

5

Revised 9/2007

the medical staff in violation of the 8th and 14th amendment of the U.S. Constitution which protects against Cruel and Unusual Punishment and gurantees Equal Protection.

FACTS

7) On March 27th 2016 Plaintiff was given medication by Defendant Bush which he assumed was his, only to realize after ingestion that they belonged to another detainee who in turn took the plaintiffs.

8) After informing the Deputy Defendant Coward that he was given the wrong medication Defendant Coward then bought Plaintiff his correct medication an made Plaintiff take it on top of the wrong medication the same night.

9) On March 28th Plaintiff sent a medical request to inform the Nurse Defendant Warkins that he was experiencing chest & abdominal pains.

10) After not being seen the previous day Plaintiff on March 29th called the control room and made a verbal complaint an was told the Nurse was gone for the day.

11) On March 30th still experiencing pains as well as severe diarrhea Plaintiff complained an still wasn't seen by the Nurse Defendant Warkins.

12) On March 31st Plaintiff was mysteriously shipped to another facility where he stayed until June 22nd, in between the march & June dates plaintiff requested numerous times to be seen by Doctor an all he was able to see was a psych Doctor.

13) On June 27th Plaintiff sent a medical Request to Defendant Warkins

6

Revised 9/2007

about his abnormal bowel movement that had been going on since March 31st.

14) On or about the end of June 2016 Plaintiff was finally seen by Defendant Nurse Warkins who was so preoccupied with Plaintiff compounded issues that she became so aggressive and upset that she stormed off before He could even get to His Stomach and bowel problem.

15) On July 6th 2016 Plaintiff filed a verbal grievance with Corporal John Wilhite He then wrote up some medical paperwork to get Plaintiff seen by the nurse again.

16) On July 7th Plaintiff was called to the wing door of his block in Whiteside county Jail where the Defendant Nurse Warkins admitted that Plaintiff was given the wrong medication by Defendant Bush an unlicensed medical Technition.

17) She then told Plaintiff that the medication that he'd taken should've been out of his system a few days after taking it. Plaintiff then explained to Defendant Warkins that the damage can be lasting once the medications are mixed.

18) She (Nurse Warkins) proceeded to tell Plaintiff that it was all in his head an that he should watch what he eats an that the Triage Doctor won't be back for 2 weeks an even when she comes back that my complaint isn't serious enough to be seen by her.

7

19) Plaintiff has been experiencing uncontrolled diarrhea as well as fecal matter comming out on occasion when he's passed gas an this wasn't happening prior to him taking the wrong meds on March 27th,

20) Plaintiff was then told that the effects could be from his current medication when in fact the meds he's on are said to cause the opposite effects to those named above,

### DELIBERATE INDIFFERENCE

21) There isn't a 24 hour Medical staffer on call at Whiteside County Jail an due to Plaintiffs numerous complaints an still has yet to be seen by a Doctor because of Defendant nurse Warkin's attitude towards detainees at Whiteside County Jail is the defination of Deliberate Indifference because Plaintiffs serious medical need still hasn't been met.

### POLICY, PRACTICE, AND PROCEDURES OF MEDICAL H.I.P.A.A. VIOLATIONS IN WHITESIDE COUNTY JAIL

22) There is a longstanding, deeply embedded, and persuant widespread policy, practice and procedure of medical H.I.P.A.A. violations in Whiteside County Jail by the Sherriff LTs and Deputies that had long existed prior to Plaintiffs arrest.

23) Defendants Sherriff Wilhelmi & LT. Erickson knew of condoned, encouraged and allowed unlicensed and untrained Deputies & Corporals to pass out prescription narcotic medication an even participated in this policy, practice and procedure referred to in the above paragraph an failed to take any responsible steps to remedy it.

8

24) This has been a standing practice at Whiteside County Jail for years.

Wherefore for all the foregoing reasons the defendants by their actions and inactions and policy, practice and procedures subjected, allowed and continued to allow plaintiff as well as other detainees in Whiteside County Jail to be subjected to the medical malfeasance described above in violation of plaintiffs 8th & 14th amendment Rights of the U.S. Constitution.

**V. Relief**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1) As to each claim in this case grant Plaintiff declaratory relief 2) As to each claim raised in this case grant plaintiff actual damages in U.S. dollars jointly & severally and against each of the defendants 3) to each claim raised in this case grant plaintiff punitive damages in U.S. dollars jointly & severally against each defendant. 4) Grant Plaintiff attorney fees 5) Grant Plaintiff and all such other relief as this Honorable court deems just & fair. 6) Grant Plaintiff injunctive relief to bar defendants from using their influence to persuade a retalitory outcome in my current criminal case.

**VI.** The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

**CERTIFICATION**

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 6th day of November, 2016

_____
(Signature of plaintiff or plaintiffs)

Dontee L. Brown
(Print name)

20866
(I.D. Number)

400 N. Cherry St
Morrison IL. 61270
(Address)

Revised 9/2007