IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Dontee L. Brown (20866) | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50337 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | |
| Sheriff Kelly C Wilhelmi, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

      Plaintiff's proposed amended *pro se* complaint [19] is accepted. The court further directs the Clerk of Court to: (1) file plaintiff's amended complaint [19], (2) issue summonses for service on defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija by the U.S. Marshal and (3) send plaintiff three (3) blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The court advises plaintiff that a completed USM-285 (service) form is required for defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija. The U.S. Marshal will not attempt service on a defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija. The clerk is instructed to add Nurse Julie Warkins as a defendant in this action to the docket.

## STATEMENT

      Plaintiff Dontee L. Brown, a detainee at the Whiteside County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs. [1]. On December 2, 2016, the court found that plaintiff's complaint arguably stated a claim against at least one of the named defendants. [4] at 2. However, due to the medical issues involved and what appeared to be an ongoing need for medical care, the court recruited counsel for plaintiff. *Id.* at 4. Plaintiff's counsel was given 60 days to file an amended complaint, if he could do so in accordance with his obligations under Rule 11 of the Federal Rules of Civil Procedure. *Id.* On April 27, 2016, plaintiff's counsel filed a notice with the court indicating that he could not submit an amended complaint. [12]. Based on plaintiff's counsel's representations in that notice, the court relieved counsel of his assignment and gave plaintiff 60 days to file a *pro se* amended complaint. [15].1 Currently

---

1 The court reminds plaintiff that the same Rule 11 obligations also apply to him when he presents the court with a pleading or other motion, pro se or otherwise. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). If his allegations prove to be frivolous, without evidentiary support, or for an improper purpose the court may sanction him with monetary and non-monetary penalties under Rule 11(c).

before the court is plaintiff's proposed amended *pro se* complaint [19]. For the reasons discussed below, the court accepts the amended complaint and finds that plaintiff may proceed upon it in accordance with this order.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

The *pro se* amended complaint alleges as follows: on March 27, 2016, plaintiff was given the wrong medication by an unlicensed correctional officer at Whiteside County Jail. He claims that he was also forced to take his prescribed medication in addition to the wrong medication that day. [19] at 5.

On March 28, 2016, plaintiff sent a medical request to Nurse Warkins to inform her that he was experiencing chest and abdominal pain. *Id.*

On March 29, 2016, plaintiff made a verbal complaint (it is unclear to whom) and was told (it is also unclear by whom) that the nurse was gone for the day. Although plaintiff was still experiencing pain the following day and was having "severe diarrhea," he was not seen by Nurse Warkins. *Id.*

On March 31, 2016, plaintiff was sent to another facility where he stayed until June 22, 2016. There, he sent "numerous requests" to medical staff, but nothing happened. *Id.*

On June 27, 2016, plaintiff (who was apparently now back at the Whiteside County Jail) sent a medical request to Nurse Warkins about abnormal bowel movements and stomach pains that he had been having since March 31, 2016. At the end of June 2016, plaintiff was finally seen by Nurse Warkins. He claims that she was "so preoccupied with [his] compounded issues that she became so aggressive and upset that she stormed off before he could even get to his stomach and bowel issues." *Id.* at 5-6.

Plaintiff alleges that after he filed grievances and "other complaints," he was seen by Nurse Warkins. Plaintiff claims that Nurse Warkins admitted that correctional staff gave him the wrong medication, but "proceeded to say that the physical complication[s] were all in his head." Plaintiff alleges that he has been experiencing "uncontrolled diarrhea" and other bowel-related issues since he was given the wrong medication. Plaintiff claims that, at some point, he told medical and correctional staff that he would exercise his "legal rights" if they did not see him and treat him. *Id.* at 6.

Plaintiff alleges further that he has been taking psychotropic medication for three years to help him control his PTSD and night terrors. Plaintiff alleges that when he was seen by Dr. Martija (he does not indicate when), she refused to address his abdominal and bowel issues, refused to send him to an outside hospital, and ordered him to be taken off his medication "cold turkey." Plaintiff alleges that Dr. Martija refused to put plaintiff back on his medication even though the mental health staff has recommended that he be put back on the medication "multiple times." Plaintiff claims that Dr. Martija has "become fixated" on his blood pressure, refuses to order an MRI, and to put him back on his prescribed medication for PTSD and night terrors. He claims that Dr. Martija has also decided "to make" plaintiff start taking a medicine called Clonidine, which causes insomnia and induces nightmares. Plaintiff claims that "all of this" began around the time that he indicated he would be "filing a civil complaint to compel the correctional and medical/administration to get him the proper treatment[.]" Plaintiff alleges that he complained to Lt. Erickson who told him that "even though the medical staff answers to him because th[ey] [are] contracted through the jail[,] the triage doctor can do what they want . . . even when [Lt. Erickson] sees that it [is] not right an[d] [Lt. Erickson] claims that it [is] the way they have it set up." *Id.* at 8.

Plaintiff names Sheriff Kelly C. Wilhelmi, Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija as defendants in the *pro se* amended pleading.

As explained in the court's December 2, 2016 order, *see* [4], plaintiff's allegations about the medical care (or lack thereof) that he received for his abdominal/bowel issues (after ingesting the wrong medication) and his PTSD and night terrors are sufficient to state a claim for deliberate indifference to plaintiff's serious medical needs. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee). Accordingly, plaintiff may proceed with a medical deliberate indifference claim against defendants Lt. Erickson, Nurse Julie Warkins, and Dr. Alma Martija – all of whom plaintiff claims were allegedly involved in the denial of medical care related to his abdominal/bowel issues and/or his PTSD and night terrors. Accordingly, defendants Lt. Erickson, Nurse Julie Warkins, and Dr. Alma Martija must respond to the complaint. Nothing in this order, which is based on preliminary review of the complaint, precludes any legal argument that defendants may advance in response to plaintiff's allegations.

All other claims and defendants, however, are dismissed.

As he did in the original complaint, plaintiff continues to complain that he was accidentally given the wrong medication (by an unlicensed correctional official at the jail) on one occasion. As explained in the court's December 2, 2016 order, *see* [4] at 3, these allegations do not state a cognizable federal claim for relief because they at worst suggest negligence or perhaps gross negligence, but not deliberate indifference. *See Robinson v. Dodge County Correctional*, No. 12 C 992, 2013 WL 595270 at *3 (E.D. Wis. Feb. 14, 2013) (Randa, J.) (even assuming that an inmate's "ingestion of the wrong medication constitutes a serious medical

3

need," an officer's mistake of providing the inmate with the wrong medication "constitute[d] nothing more than negligence"); *Richmond v. Dart*, No. 12 C 954, 2012 WL 567245, at *2–*3 (N.D. Ill. Feb. 17, 2012) (Dow, J.) (officer's and nurse's alleged failure to confirm medication was being taken by the right inmate amounted only to negligence); *Morrison v. Utz*, No. No. 11 C 4110, 2012 WL 293548, *2 (C.D. Ill. Jan. 31, 2012) (Darrow, J.) ("one isolated mistake does not allow a plausible inference of deliberate indifference"); *Kirkwood v. Sirin*, No. 06 C 139, 2006 WL 587698 at *3 (E.D. Wis. March 9, 2006) (Griesbach, J.) (complaint alleging that "a nurse and staff gave the plaintiff the wrong medication" warranted dismissal for failure to state a claim). As such, plaintiff's allegations that he was accidentally given the wrong medication on one occasion at the jail do not state a claim and are therefore dismissed.

Plaintiff may also be attempting to raise a claim of retaliation, *see Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012), insofar as he claims that "all of this" began around the time that he indicated he would be "filing a civil complaint to compel the correctional and medical/administration to get him the proper treatment[.]" *See* [19] at 8. But, to pursue a § 1983 claim, plaintiff also must "adequately connect specific defendants to illegal acts." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Plaintiff's complaint does not tie any specific defendant to any particular alleged act of retaliation. Rather, he simply states that "all of this" began around the time that he indicated he would be filing a lawsuit. It is unclear what "all of this" refers to, and it is also unclear who plaintiff told this to and who, in particular, allegedly took retaliatory action against him. As such, plaintiff's current allegations are insufficient to state a retaliation claim and are therefore dismissed. The dismissal of this claim is without prejudice.

Finally, the court dismisses Sheriff Kelly C. Wilhelmi as defendant in this action. The amended complaint briefly mentions this individual twice: once in the introductory portion of and once in a separate, concluding section captioned "Deliberate Indifference." *See* [19] at 4, 8. Neither mention of Sheriff Wilhemi, however, sufficiently states how he was involved in the events complained of in this lawsuit. It appears that plaintiff may be attempting to hold the Sheriff liable in this action based on his supervisory role at the jail, as the introductory portion of plaintiff's amended pleading states that: "the Sheriff and his Lts. are ultimately responsible for all policy[,] practices[,] and procedures and the usage of them by the officers, deputies, and corporals of Whiteside County Jail that apply to detainees, including medical treatment." [19] at 4. But, a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). None of the allegations pleaded in plaintiff's amended complaint plausibly suggest that the Sheriff was personally involved in the events complained of in this lawsuit. Accordingly, Sheriff Kelly C. Wilhelmi is dismissed without prejudice.

The court directs the clerk to issue summonses for service of the complaint on defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija. The Clerk of Court is directed to mail plaintiff three (3) blank USM-285 (U.S. Marshals service) forms. The court advises plaintiff that a completed USM-285 form is required for defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija. The U.S. Marshal will not attempt service on a defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each defendant, and failure to do so may result in the dismissal of the unserved defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The court appoints the U.S. Marshals Service to serve defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija. The court directs the U.S. Marshal to make all reasonable efforts to serve defendants Lt. Tim Erickson, Nurse Julie Warkins, and Dr. Alma Martija. With respect to any former employee of the Whiteside County jail who can no longer be found at the work address provided by plaintiff, jail officials must furnish the U.S. Marshal with the defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the court file nor disclosed by the U.S. Marshal, except as necessary to serve defendants. The U.S. Marshal is authorized to send a request for waiver of service to defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The court instructs plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the court or returned to plaintiff.

Date: 6/30/2017 ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to Mail Notices. (LC)